IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

C & N FARMS, et al.                                                          PLAINTIFFS

v.                                      CASE NO. 2:15-CV-00136 BSM

PRODUCERS AGRICULTURE
INSURANCE CO.                                                              DEFENDANT

## <u>ORDER</u>

Defendant Producers Agriculture Insurance Company's ("Pro Ag") motion for summary judgment [Doc. No. 24] is granted.

## I.    BACKGROUND

This lawsuit stems from a denied insurance claim and an insured's inability to reverse that denial at binding arbitration. The insured, plaintiff C&N Farms, is run by business partners and co-plaintiffs Clinton Boles and Necola Boles (collectively "C&N Farms"). Pro Ag issued a crop insurance policy to C&N Farms providing for reimbursement if the farm was unable to plant or grow crops because of adverse weather conditions. This policy was issued pursuant to federal law for farm assistance programs, most notably the Federal Crop Insurance Act, 7 U.S.C. § 1501 *et seq. See* Compl., Doc. No. 1; Multiple Peril Crop Insurance Common Crop Insurance Policy ("Policy"), Doc. No. 1 at 8-42.

C&N Farms alleged that adverse weather conditions prevented planting its wheat crop. The farm filed a claim with Pro Ag in December 2012. On May 14, 2013, Pro Ag denied the claim. Doc. No. 24-3. The letter C&N Farms received with this denial, however, referenced C&N Farms as located in the wrong Arkansas county. Apparently, Pro Ag

realized the error and sent a corrected letter that same day, though C&N Farms did not receive it.  *See* Clinton Boles Aff. ¶¶ 4-5, Doc. No. 32-4.

On March 31, 2014, Charlotte Flintje, the farm's agent, sent additional information to Pro Ag and stated that the claim "should be reinstated."  Doc. No. 24-4.  Pro Ag denied the request by letter dated April 28, 2014.  Doc. No. 24-5.

Pursuant to the insurance policy, C&N Farms could dispute Pro Ag's denial by mediation, unless the parties did not agree to mediate, after which the dispute must go to binding arbitration.  *See* Policy at 35.  The Policy required arbitration be initiated within one year from the denial of a claim or the determination in dispute, whichever is later.  On May 21, 2014, C&N Farms filed for mediation, but Pro Ag refused.  Arbitration ensued.

The arbitrator issued his award on April 28, 2015, which denied C&N Farms relief. The arbitrator determined that the operative decision C&N Farms submitted to arbitration was the denial of the claim for benefits, which occurred on May 14, 2013; the one-year window for initiating arbitration, however, had closed on May 14, 2014.  *See* Award of Arbitrator (hereafter "Award") 7, Doc. No. 24-6.  Therefore, the arbitrator determined that the arbitration was untimely because C&N Farms filed the request on May 21, 2014.  *Id.* C&N Farms disagrees with this decision.

C&N Farms filed suit "to recover damages arising from the wrongful denial of crop insurance benefits."  Compl. ¶ 1.  It alleges that "[d]efendants breached their contractual obligations . . . by failing to properly and timely pay the insurance claim," and after the

arbitrator denied its claim, it sought "judicial review." *Id.* ¶¶ 16, 19.  These activities, it argues, violate Arkansas law. *Id.* ¶¶ 21-22.  Thus, they request the vacation or a modification of the arbitrator's decision. *Id.* ¶ 24.

## II.   LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249–50 (1986).  Once the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party may not rest upon the mere allegations or denials in his pleadings. *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011).  Instead, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute that must be resolved at trial. *Id.*  Importantly, when considering a motion for summary judgment, all reasonable inferences must be drawn in a light most favorable to the nonmoving party. *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007).  The evidence is not weighed and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

## III.   DISCUSSION

Pro Ag's motion for summary judgment is granted because C&N Farms did not timely file for arbitration.  Consequently, there are no material factual disputes as to whether the arbitration award should be confirmed.

### A.    Timeliness of Judicial Review

C&N Farms seeks judicial review of the arbitrator's decision denying its insurance claim as untimely.  Pro Ag argues (a) judicial review is unavailable because the parties' insurance agreement premises judicial review on initiating a proper arbitration, and since the underlying arbitration was untimely, judicial review is unavailable; or (b) C&N Farms has not produced evidence to suggest any reason for vacating or modifying the decision.

The arbitrator relied on Section 20 of the parties' agreement, which requires arbitration proceedings be initiated within one year of the date Pro Ag "denied [C&N Farms's] claim or rendered the determination with which [C&N Farms] disagree, whichever is later."  Policy 20(b)(1).  The arbitrator determined that the operative determination occurred on May 14, 2013 – the date Pro Ag mailed a letter to C&N Farms denying the claim, albeit with the wrong Arkansas county listed – to trigger the one-year window.  Since C&N Farms initiated arbitration on May 21, 2014, arbitration occurred more than one year from the denial, and thus the claim had to be denied as untimely.  *See* Award at 7.  C&N Farms requests review, arguing that the arbitrator erred by not recognizing that Pro Ag's letter denying reconsideration of the claim on April 28, 2014, was the operative "determination with which [C&N Farms] disagrees," and thus initiating proceedings on May 21, 2014, was within the one-year window.

C&N Farms submitted detailed briefs describing the facts underlying both the unpaid insurance claim and the various letters from Pro Ag.  The problem with C&N Farms's position is that the parties agreed to binding arbitration.  Policy Section 20(c).  In doing so,

the parties mutually agreed to select arbitration instead of judicial resolution. *Electrolux Home Prods. v. United Auto. Aero. & Agric. Implement Workers of Am.*, 416 F.3d 848, 853 (8th Cir. 2005). Despite C&N Farms's displeasure with the arbitrator's decision, that decision stands unless there is a reason to set it aside.

The parties correctly acknowledge that the Federal Arbitration Act ("FAA") governs. *See* Br. Supp. 9, Doc. No. 26 (referencing FAA); Br. Opp'n 12, Doc. No. 32 (referencing FAA as grounds for relief); *Allied-Bruce Terminix Co. v. Dobson*, 513 U.S. 265, 274-82 (1995) (FAA applies to contracts affecting interstate commerce). Under the FAA, the arbitrator's decision is owed "great deference," *Bob Shutlz Motors, Inc. v. Kawasaki Motors Corp., USA*, 334 F.3d 721, 724 (8th Cir. 2003), as federal courts have "no authority to reconsider the merits of an arbitration award, even when the parties allege that the award rests on factual errors or on a misinterpretation of the underlying contract," *Medicine Shoppe Intern, Inc. v. Turner Investments, Inc.*, 614 F.3d 485, 488 (8th Cir. 2010). *Bureau of Engraving, Inc. v. Grpahic Commun. Int'l Union, Local 1B*, 284 F.3d 821, 824 (8th Cir. 2002) (describing scope of review as "extremely narrow."). "As long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 39 (1987).

Despite this breadth, the arbitrator's authority is not unlimited because the FAA provides judicial review to confirm, vacate, or modify arbitration awards. *Hall Street Assoc.,*

*LLC v. Mattel, Inc.*, 552 U.S. 576, 582 (2008).   Absent a reason to vacate or modify the

arbitration award, C&N Farms is stuck with the arbitrator's decision.

The FAA authorizes vacating an arbitration award in four circumstances:

(1) where the award was procured by corruption, fraud, or undue means;

(2) where there was evident partiality or corruption in the arbitrators, or either
of them;

(3) where the arbitrators were guilty of misconduct in refusing to postpone the
hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent
and material to the controversy; or of any other misbehavior by which the
rights of any party have been prejudiced; or

(4) where the arbitrators exceeded their powers, or so imperfectly executed
them that a mutual, final, and definite award upon the subject matter submitted
was not made.

9 U.S.C. § 10(a); *Wells Fargo Bank, N.A. v. WMR e-PIN, LLC*, 653 F.3d 702, 710 (8th Cir.

2011) (restricting grounds for vacating arbitral award to grounds enumerated in FAA after

*Hall Street Associates*); *see Oxford Health Plans, LLC v. Sutter*, 133 S.Ct. 2064, 2068 (2013)

(describing these reasons as "very unusual circumstances").

C&N Farms has not alleged – either in the original complaint [Doc. No. 1] or in the

proposed amended complaint [Doc. No. 29 at 3-11] – or presented evidence to suggest that

any of these grounds apply.   There is no evidence to suggest the arbitrator was corrupt,

partial, or conducted proceedings in a manner that prejudiced any party.   *See* 9 U.S.C. §

10(a)(1)-(3).   C&N Farms suggests the arbitrator "exceeded [his] powers" under section

10(a)(4) because he did not consider the statute of limitations provision in 7 U.S.C. §

1508(j)(2)(B) in deciding timeliness.  Br. Opp'n 13.  Subsection (d), however, focuses on whether the arbitrator acted within the bounds of the Policy, "not whether he got its meaning right or wrong."  *Oxford Health Plans*, 133 S. Ct. at 2068.  Thus, there is no dispute of material fact that the arbitrator interpreted the agreement within the parameters required.

Similarly, the FAA provides an award can be modified in only three situations:

(a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.

(b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.

(c) Where the award is imperfect in matter of form not affecting the merits of the controversy.

9 U.S.C. § 11; *Hall Street Assocs.*, 552 U.S. at 584 (holding section 11 provides the FAA's "exclusive" grounds for modification).

As with the claim addressed above, C&N Farms has failed to allege (in either complaint) or produce evidence support its claims pursuant to 9 U.S.C. § 11.  There were no mathematical calculations to cause error or imperfections as to form.  The precise issue – entitlement to insurance benefits – was the matter submitted to the arbitrator under the Policy, and thus the arbitrator decided no matters that were not submitted to him.  There is no question that C&N Farms is not entitled to modification.

Finally, if C&N Farms's position that a court could re-review the timeliness issue were adopted, arbitration becomes pointless and the purpose of the parties' agreement to

arbitrate disputes becomes meaningless.  *See Oxford Health Plans*, 133 S.Ct. at 2068 ("If parties could take full-bore legal and evidentiary appeals, arbitration would become merely a preclude to a more cumbersome and time-consuming judicial review process" (internal quotations omitted).).  Nevertheless, C&N Farms must acknowledge that its position that the April 2014 denial is operative ignores the practical impact of that decision.  C&N Farms's position would mean it could unilaterally "renew" the previous denial to extend the time by which it could initiate arbitration proceedings.  This creates an infinitely-long time line whereby one party could simply submit new information or forward another letter to force open the previously-closed arbitration window.  Certainly the parties did not intend to write a lack of finality into their binding arbitration agreement.

Accordingly, the arbitrator's decision remains in full force and effect.  The opportunity for judicial review was explicitly premised on arbitration sought "in accordance with section 20(b)(3)," which requires arbitration initiated "in accordance with section 20(b)(1)."  Policy Section 20(b)(3), (c).  As section 20(b)(1) requires arbitration occurring within the one-year window – and the arbitrator's decision that the arbitration did not comply stands – C&N Farms is not entitled to judicial review under the terms of the Policy.

B.    Claims for Extra-Contractual Damages

Pro Ag's motion for summary judgment on C&N Farms's two state law claims is granted because they fail as a matter of law.

C&N Farms demands a statutory penalty, attorneys' fees, and other damages for (a)

wrongfully denying an insurance claim, Ark. Code Ann. § 23-79-208, and (b) for unfair or deceptive acts in the insurance industry, Ark. Code Ann. 23-66-201 *et seq*. *See* Compl. ¶¶ 21-22. Pro Ag argues these claims are barred by federal law or the insurance policy itself and alternatively, are not sustainable under the facts of this case.

The federal bar need not be addressed because C&N Farms's claims fail as a matter of law. A statutory penalty and attorneys' fees are awarded for "wrongfully" refusing to pay benefits "under an insurance policy," which does not apply here because C&N Farms's claim was denied and that denied has not been overturned. *See State Farm Fire & Cas. Co. v. Andrews*, 210 S.W.3d 896, 902 (Ark. 2005). C&N Farms's claim for deceptive practices under Arkansas's Trade Practices Act ("TPA") must be dismissed because the TPA does not create a private right of action. Ark. Code Ann. § 23-66-202(b) (The TPA does not "establish or extinguish a private right of action for a violation of any provision of this subchapter."); *Design Professionals Ins. Co. v. Chicago Ins. Co.*, 454 F.3d 906, 911-12 (8th Cir. 2006) (recognizing the TPA "provides no private right of action to insureds for violations of the Act or of regulations promulgated under the Act's authority"); *Columbia Mut. Ins. Co. v. Home Mut. Fire Ins. Co.*, 47 S.W.3d 909, 913 (Ark. 2001) ("[A]s previously discussed, the [TPA] expressly states that it provides no private right of action[.]").

Accordingly, Pro Ag's motion for summary judgment on C&N Farms's claims for a statutory penalty, attorneys' fees, and under the TPA is granted.

C.    Confirmation of Arbitral Award

Pro Ag's motion for summary judgment on its counterclaim to confirm the arbitration award is granted.  Counterclaim ¶¶ 1-12, Doc. No. 7.  C&N Farms opposes Pro Ag's motion, arguing that its request to "vacate the arbitrator's award or to judicially review the case" prohibits confirmation.  *See* Br. Opp'n 18.

Section 9 of the FAA permits confirmation of an arbitral award if the parties, in their agreement to arbitrate, "agreed that judgment of the court shall be entered upon the award made pursuant to the arbitration[.]"  9 U.S.C. § 9; *PVI, Inc. v. Ratiopharm GmbH*, 135 F.3d 1252, 1253-54 (8th Cir. 1998) (requiring agreement beyond stating the arbitration will be "binding").  Assuming this agreement, the award must be confirmed unless it is vacated, modified, or corrected.  9 U.S.C. § 9; *Gas Aggregation Servs., Inc. v. Howard Avista Energy*, LLC, 319 F.3d 1060, 1064 (8th Cir. 2003) (Awards must be confirmed "[s]o long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority (internal quotations omitted)).  As previously addressed, the award has not been vacated, modified, or corrected, and thus the only issue is whether the parties agreed to confirmation.

Although the word "confirmation" does not appear in Section 20, the parties agreed to resolve its dispute pursuant to the rules of the American Arbitration Association (AAA).  Policy Section 20(a).  AAA's rules provide for judicial confirmation, and as has been previously recognized, incorporating AAA's procedures is an agreement to confirmation.  *See, e.g., Van Horn v. Van Horn*, 393 F. Supp. 2d 730, 741-42 (N.D. Iowa 2005).

Therefore, the arbitrator's award is hereby confirmed.

## IV.  CONCLUSION

For the aforementioned reasons, Pro Ag's motion for summary judgment [Doc. No. 24] is granted, and the arbitrator's award is confirmed.

IT IS SO ORDERED this 15th day of February 2017.


_____
UNITED STATES DISTRICT JUDGE